THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00035-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANGELA NAOMI HOWELL, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Compassionate Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 29].

**I.     BACKGROUND**

In December 2017, the Defendant Angela Naomi Howell was convicted of two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. She was sentenced to a total of 84 months' imprisonment. [Doc. 20]. According to the Bureau of Prisons website, her projected release date is March 23, 2025.[1]

In May 2020, the Defendant moved for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing COVID-19

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 9, 2020).

pandemic. [Doc. 27]. The Court denied the Defendant's motion without prejudice due to her failure to submit a request for compassionate release to the warden of her BOP facility or to otherwise exhaust her administrative remedies. [Doc. 28]. The Defendant now renews her motion for a reduction in her sentence. [Doc. 29]. Specifically, the Defendant argues that her underlying health conditions place her at a higher risk for severe illness from COVID-19, and that her particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in her motion that she submitted a request for compassionate release to the warden of the facility where she is

housed, but that the warden failed to respond within thirty (30) days of his request. [Doc. 29 at 2]. As the Defendant appears to have exhausted her administrative remedies, the Court will proceed to address the merits of her motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a)

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." As is pertinent here, a defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

4

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Here, the Defendant asserts that her underlying health conditions—namely, a history of smoking and obesity—place her at a higher risk for severe illness resulting from COVID-19.[3] The medical conditions identified by the Defendant, however, do not constitute an extraordinary and compelling reason to reduce the Defendant's sentence. While the Court does not intend to diminish the seriousness of the Defendant's medical conditions, the Defendant has failed to establish that these conditions are not adequately addressed by her current medical treatment. Further, the Defendant has not shown that any of these conditions are terminal or substantially diminish her ability to provide self-care while in prison.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify her release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the

---

[3] The Defendant's PSR identified no significant health conditions. [Doc. 18 at 14].

5

Case 1:17-cr-00035-MR-WCM   Document 30   Filed 07/13/20   Page 5 of 6

virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[4] This is especially true where, as here, the Defendant is housed at a facility that to date has no confirmed cases among its inmate or staff population.[5]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

For all these reasons, the Defendant's motion for a sentence reduction is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Compassionate Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 29] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 13, 2020

Martin Reidinger
Chief United States District Judge

---

[4] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[5] See https://www.bop.gov/coronavirus (last visited July 9, 2020).